IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| JEFFREY J. FORD, | ) |
|     Plaintiff, | ) Case No.: |
| vs. | ) |
| | ) **JURY TRIAL DEMANDED** |
| MURPHY BROWN OF MISSOURI, LLC, | ) |
| Serve Registered Agent: | ) |
| CT Corporation System | ) |
| 120 South Central Avenue | ) |
| Clayton, MO  63105 | ) |
| MURPHY BROWN, LLC, | ) |
| Serve Registered Agent: | ) |
| CT Corporation System | ) |
| 120 South Central Avenue | ) |
| Clayton, MO  63105 | ) |
| and | ) |
| SMITHFIELD FOODS, INC., | ) |
| Serve Registered Agent: | ) |
| CT Corporation System | ) |
| 120 South Central Avenue | ) |
| Clayton, MO  63105 | ) |
|     Defendants. | ) |

## COMPLAINT

COMES NOW Plaintiff, Jeffrey J. Ford, by and through the undersigned counsel and states and alleges as follows for his Complaint against the above-named Defendants Murphy Brown of Missouri, LLC, Murphy Brown, LLC and Smithfield Foods, Inc.:

## INTRODUCTION

1. In violation of the American with Disabilities Act ("ADA") and Missouri Human Rights Act, Plaintiff, while an employee of Defendants Murphy Brown of Missouri, LLC,

Murphy Brown, LLC and Smithfield Foods, Inc. was subjected to unlawful discrimination based on his status as an individual with a disability/perceived disability.

2. Plaintiff also brings a claim for wrongful termination in violation of public policy for Plaintiff's assertion of a workers' compensation claim and request for benefits provided by such law.

3. Plaintiff seeks compensatory and punitive damages against Defendants.

## PARTIES

4. Plaintiff is and was at all times relevant to the allegations contained herein a Missouri resident and employee of Defendants Murphy Brown of Missouri, LLC, Murphy Brown, LLC and Smithfield Foods, Inc.

5. Defendant Murphy Brown of Missouri, LLC is and was at all times relevant to the allegations contained herein, a foreign corporation with its principal place of business in Princeton, Missouri and can be served through its registered agent, CT Corporation System, 120 South Central Avenue, Clayton, Missouri 63105.

6. Defendant Murphy Brown, LLC is and was at all times relevant to the allegations contained herein, a foreign corporation with its principal place of business in Princeton, Missouri and can be served through its registered agent, CT Corporation System, 120 South Central Avenue, Clayton, Missouri 63105.

7. Defendant Smithfield Foods, Inc. is and was at all times relevant to the allegations contained herein, a foreign corporation with its principal place of business in Princeton, Missouri and can be served through its registered agent, CT Corporation System, 120 South Central Avenue, Clayton, Missouri 63105.

8. Defendants were the employer of Plaintiff during the time he was employed. Defendants Murphy Brown of Missouri, LLC, Murphy Brown, LLC and Smithfield Foods, Inc. are employers within the meaning of the Missouri Human Rights Act.

9. At all times relevant herein and based on information and belief, Defendants Murphy Brown of Missouri, LLC, Murphy Brown, LLC and Smithfield Foods, Inc. formed an integrated enterprise that employed Plaintiff or were Plaintiff's joint employer.

## JURISDICTION AND VENUE

10. The discriminatory conduct alleged herein occurred in Mercer County, Missouri. Additionally, the wrongful termination of Plaintiff, in violation of public policy, occurred in Mercer County, Missouri.

11. Jurisdiction in this Court is proper. Jurisdiction over Plaintiff's ADA claim is based upon 28 U.S.C. § 1331.

12. Moreover, pursuant to 28 U.S.C. § 1332(a)(1), this Court has jurisdiction over this matter because the amount in controversy exceeds $75,000, exclusive of interest and costs, and because the lawsuit is between citizens of different states.

## FACTUAL ALLEGATIONS

13. Plaintiff was employed by Defendants from April 2013 until his termination in April of 2014.

14. Plaintiff worked as Herdsperson I for Defendants and was responsible for moving hogs in the gestation barn.

15. On April 15, 2014, Plaintiff suffered a serious on-the-job injury. More specifically, while working, a hog smashed Plaintiff's right hand into a crate in Wiles 2 gestation barn.

16. At the time of his injury, Mr. Jeremy O'Brien, Mr. Clayton Drier and Mr. Adam Hernandez were present in the Wiles 2 gestation barn.

17. As a result of the incident, Plaintiff sustained injuries to his right hand that ultimately required surgery on his right index finger.

18. As a result of the injuries sustained, Plaintiff sought emergency medical treatment at Harrison County Community Hospital in Bethany, Missouri.

19. Plaintiff reported his on-the-job injury to his Farm Leader, Mr. Jeremy O'Brien, Defendants' agent, on April 15, 2014. At that time, Mr. O'Brien stated that Plaintiff could perform light duty work.

20. On April 16, 2014, Plaintiff was seen by an orthopedic surgeon and was scheduled for surgery on his right hand the next day.

21. Plaintiff reported to Mr. O'Brien that he was to undergo surgery on April 17, 2014 and that the surgeon stated he would need to be off of work for six weeks to avoid infection.

22. On April 17, 2014, Plaintiff contacted Mr. O'Brien before his surgery and Mr. O'Brien told him that he was terminated.

23. Upon information and belief, Defendants backdated Plaintiff's termination to April 15, 2014, the date of his injury, because Plaintiff did not shower out when he left to seek emergency care for his injury.

24. Plaintiff thereafter filed a workers' compensation claim as it relates to his medical treatment, temporary workers' compensation disability benefits and the permanent injuries he sustained.

25. As a result of the incident Plaintiff has suffered permanent injury to his right hand.

26. As a result of the injuries sustained, Plaintiff suffered and continues to suffer from his on-the-job injury to date.

27. Defendants were aware of Plaintiff's disability/perceived disability as it relates to his hand injuries.

28. At all times relevant herein, before and after, the above individuals were agents, servants and employees of Defendants and were at all times acting within the scope and course of their agency and employment, or their actions were expressly authorized and ratified by Defendants. Therefore, Defendants are liable for the actions of said persons and/or perpetrators under all theories pled herein.

29. The conduct set forth herein constitutes a continuing violation of the ADA and Missouri Human Rights Act.

30. Based on information and belief, the true reasons for Plaintiff's termination were his status as an individual with a disability/perceived disability and/or his exercising of his rights under the workers' compensation laws.

## CONDITION PRECEDENT

31. Plaintiff filed a timely Charge of Discrimination with the Missouri Human Rights Commission and the Equal Employment Opportunity Commission. A copy of the charge is attached hereto as Exhibit A and incorporated herein by reference.

32. Plaintiff received a copy of his Notice of Right to Sue pursuant to the Missouri Human Rights Act and Equal Employment Opportunity Commission. A true and accurate copy

of the Notices are attached hereto as Exhibits B and C respectively and incorporated herein by reference.

33. This action has been timely filed with this Court and Plaintiff has met all conditions precedent to the filing of this action.

## COUNT I
### ADA-Disability Discrimination
### 42 U.S.C. § 12101, *et seq*.

34. Plaintiff incorporates herein by reference the preceding paragraphs as if fully set forth herein.

35. At all relevant times, Plaintiff was disabled within the meaning of the ADA.

36. Defendants' termination of Plaintiff due to his disability/perceived disability constitutes discriminatory conduct.

37. Plaintiff's disability/perceived disability was a factor in the discriminatory conduct he experienced and suffered.

38. The discriminatory conduct included, but was not limited to, Plaintiff's unlawful termination. Defendants engaged in conduct that is prohibited by the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*.

39. Plaintiff's terms and conditions of employment were adversely affected as a result of Defendants' conduct.

40. Defendants' conduct caused Plaintiff degradation, humiliation, anxiety and emotional distress.

41. The conduct described herein would have detrimentally affected a reasonable person in Plaintiff's position.

42. Management level employees perpetuated the discrimination based on Plaintiff's status as a disabled/perceived disabled individual, including terminating Plaintiff because of his disability/perceived disability.

43. In addition, management level employees knew or should have known of the discrimination based on Plaintiff's disability/perceived disability, but failed to address the discrimination and further failed to implement effective and appropriate procedures to stop the discrimination.

44. The actions and conduct set forth herein were outrageous and showed an evil motive or reckless indifference or conscious disregard for the rights of Plaintiff and therefore Plaintiff is entitled to punitive damages from Defendants to punish and deter Defendants and others from like conduct.

WHEREFORE, Plaintiff Jeffrey J. Ford prays for judgment in his favor and against Defendants Murphy Brown of Missouri, LLC, Murphy Brown, LLC and Smithfield Foods, Inc. on Count I of his Complaint, for a finding that he has been subjected to unlawful discrimination as prohibited by 42 U.S.C. § 12101, *et seq.*; for an award of compensatory and punitive damages, for his costs expended, for his reasonable attorneys' fees and for such other relief as this Court deems just and proper.

## COUNT II
### Missouri Human Rights Act-Disability Discrimination
### Mo.Rev. Stat. 213.055

45. Plaintiff incorporates herein by reference the preceding paragraphs as if fully set forth herein.

46. The actions of Defendants constitute unwelcome and discriminatory conduct.

47. Plaintiff's disability/perceived disability was a factor in the discriminatory conduct he experienced and suffered.

48. The discriminatory conduct included, but was not limited to, Plaintiff's unlawful termination.

49. Plaintiff's terms and conditions of employment were adversely affected as a result of Defendants' conduct.

50. Defendants' conduct caused Plaintiff degradation, humiliation, anxiety and emotional distress.

51. The conduct described herein would have detrimentally affected a reasonable person in Plaintiff's position.

52. Management level employees perpetuated the discrimination based on Plaintiff's status as a disabled/perceived disabled individual, including terminating Plaintiff because of his disability/perceived disability.

53. In addition, management level employees knew or should have known of the discrimination based on Plaintiff's disability/perceived disability, but failed to address the discrimination and further failed to implement effective and appropriate procedures to stop the discrimination.

54. The actions and conduct set forth herein were outrageous and showed an evil motive or reckless indifference or conscious disregard for the rights of Plaintiff and therefore Plaintiff is entitled to punitive damages from Defendants to punish and deter Defendants and others from like conduct.

WHEREFORE, Plaintiff Jeffrey J. Ford prays for judgment in his favor and against Defendants Murphy Brown of Missouri, LLC, Murphy Brown, LLC and Smithfield Foods, Inc.

on Count II of his Complaint, for a finding that he has been subjected to unlawful discrimination as prohibited by Mo.Rev.Stat. 213.010 *et seq.*; for an award of compensatory and punitive damages, for his costs expended, for his reasonable attorneys' fees and for such other relief as this Court deems just and proper.

## COUNT III
### Wrongful Termination in Violation of Public Policy

55. Plaintiff incorporates by reference each and every preceding paragraph as though fully set forth herein.

56. Plaintiff availed himself of the workers' compensation benefits under the laws of the State of Missouri, in particular, Workers' Compensation Law, R.S.MO. 287.010 *et seq.*

57. Under Section 287.010 of the Missouri Revised Statutes, Defendants had a duty to furnish compensation and/or treatment to Plaintiff for his injuries, which arose out of the course and scope of his employment with Defendants.

58. Under Section 287.780 of the Missouri Revised Statutes, Defendants are prohibited from discharging or discriminating in any other way against Plaintiff for exercising his rights under the Workers' Compensation Law.

59. Plaintiff reported his work place injury and need for medical treatment. Plaintiff also made a claim for workers' compensation benefits seeking medical treatment, temporary workers' compensation disability benefits, a permanent partial disability rating and compensation related to the same.

60. Defendants terminated Plaintiff two days after being informed that Plaintiff would have to be off of work for six weeks following his surgery to avoid infection for his on-the-job injury.

61. Plaintiff's exercise of his rights under the Workers' Compensation Laws contributed to the decision of Defendants to terminate Plaintiff's employment.

62. Defendants violated the law and public policy of the State of Missouri by discharging Plaintiff from his employment because due to his exercising of rights under the Workers' Compensation Law, R.S.Mo. Chapter 287.00 *et seq.*

63. As a direct and proximate cause of the alleged wrongful termination, Plaintiff has incurred and will continue to incur damages, including emotional distress and lost wages.

64. Defendants' conduct in terminating Plaintiff's employment, when exercising his workers' compensation rights, was done intentionally, wantonly and with a conscious disregard for Plaintiff's rights. Defendants' conduct renders them liable for punitive damages in an amount sufficient to punish Defendants and to deter Defendants and others from engaging in similar conduct.

WHEREFORE, Plaintiff Jeffrey J. Ford prays for judgment in his favor and against Defendants Murphy Brown of Missouri, LLC, Murphy Brown, LLC and Smithfield Foods, Inc. on Count III of the Complaint, in the form of compensatory damages, including emotional distress and lost wages, for punitive damages, for costs expended, and for such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, by and through undersigned counsel, hereby demands a jury trial on all counts of the Complaint.

**LAUREN ALLEN, LLC**

By: */s/ Lauren Perkins Allen*
Lauren Perkins Allen, MO Bar# 49845
420 Nichols Road, Suite 200
Kansas City, Missouri 64112
Telephone: 816.877.8120
Facsimile: 816.817.1120
Email: lpa@laurenallenllc.com

**ATTORNEY FOR PLAINTIFF**